# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| TINA EASH, SUE MCCLANAHAN, MATTHEW MCCLANAHAN, *on behalf of themselves and others similarly situated*, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 09-cv-1217 |
| EXPORT PACKAGING COMPANY, INC. ) ) | |
| Defendant. ) | |

## O P I N I O N and O R D E R

Before the Court is the Motion for Class Certification (Doc. 12) filed by Plaintiffs. Defendant does not oppose class certification (Doc. 14). The Motion is DENIED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiffs have filed suit pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act") of 1988, 29 U.S.C. § 2101, *et seq.*, alleging that Defendant, their employer, failed to provide adequate notice prior to the termination of their employment. In particular, these Plaintiffs allege that they were terminated (as part of a mass layoff) in early 2009 and that Defendant failed to give them at least 60 days written advance notice.

Plaintiffs also seek to represent an additional 225 employees of Defendant who also were terminated without the necessary notice during the mass layoff from January to February, 2009. The class Plaintiffs seek to represent are:

> All former employees of Defendant Export Packaging Company, Inc. who were terminated and/or laid off without cause from their employment at Defendant's facility located at 6409 W. Smithville Road, Bartonville, Illinois 61607 (the "Facility") in or about January 2009 through February 2009, or were terminated without cause as part of, or as the reasonably foreseeable consequence of, the mass layoff ordered by Defendant in or about January 2009 through February 2009, who are affected employees within the meaning of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"), and who do not file a timely request to opt-out of the class (th "Class").

Defendant does not oppose the certification of such a class, the appointment of Plaintiffs as class representatives, the appointment of Lankenau & Miller, LLP, The Gardner Firm, and Benassi & Benassi, P.C. as class counsel, or approval of the notice provided by Plaintiff.

## DISCUSSION

The WARN Act provides, *inter alia*, that an employer who conducts a mass layoff[1] must give each such laid off employee at least 60 days written notice. 29 U.S.C. § 2102. The Act allows for an aggrieved employee to bring suit in federal court, but limits liability to damages that include back pay (up to 60 days worth), and the payment of benefits for that time period including any medical expenses incurred which would have been covered by an employee benefit plan. 29 U.S.C. § 2104. An employer may give less than 60 days notice if the layoff "is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C.§ 2102(b)(2)(A). In its Answer, Defendant denies that it violated the WARN Act, denies that it conducted a mass

---

[1] A mass layoff is defined as the termination of at least 500 employees or 33% of the employees (provided that his amount is at least 50 employees) during any 30 day period. 29 U.S.C. § 2101(a)(3).

2

layoff in January and February, 2009, and otherwise denies that it failed to give 60 days prior written notice.

Federal Rule of Civil Procedure 23(a)(1) provides for the maintenance of a class action if there is: numerosity, where the class is so numerous as to make joinder impracticable; commonality, common questions of law or fact; typicality, where the claims of the representatives are typical of the claims of the class; and, adequacy, class representatives will fairly and adequately represent the interests of the class. The burden is on Plaintiff to demonstrate that these prerequisites exist and a class may not be certified on mere speculation. *See e.g. Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703-704 (7th Cir. 1993). If these prerequisites are met, a class action may be maintained only if separate prosecutions would create the risk of inconsistent verdicts or act as adjudications of non-parties, or if injunctive relief on behalf of the class as a whole is appropriate, or where common questions of law or fact predominate individual questions and a class action is a superior method. FED.R.CIV.P 23(b). *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) ("A plaintiff seeking class certification must satisfy all of the criteria numerated in Rule 23(a) . . . and fall within at least one subsection of Rule 23(b).") In this matter, Plaintiffs seek class certification pursuant to Rule 23(b)(1) and (b)(3). Class certification has routinely been granted in cases such as this, where former employees are making claims pursuant to the WARN Act. *See e.g. Georigi v. Recon Automotive Remanufacturers*, 2009 WL 1312607 (E.D. Pa. 2009); *Alberts v. Nash Finch Co.*, 245 FR.D. 399 (D.Minn. 2007); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004).

Plaintiffs claim that at least 225 employees were subject to a mass layoff at the Facility. Such a number would appear to satisfy the numerosity requirement. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) ("plaintiffs are not required to specify the exact number of person in the class . . . but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity"). This number is not based on discovery propounded upon Defendant but rather upon the declarations of the individual Plaintiffs. Plaintiff Eash states that "about 225 other employees who worked at the Facility . . . were also terminated" and that "to the best of [her] knowledge" none of these individuals received notice (Tina Eash Declaration, ¶¶ 6-7). Plaintiff Eash does not explain how she has knowledge that 225 employees were terminated without notice nor does her employment as "material planner" make such knowledge readily apparent. Plaintiff Matthew McClanahan makes identical assertions, also without an explanation as to how he came about this knowledge (he was employed as an "allocator") (Matthew McClanahan Declaration, ¶¶ 6-7). The same is true of Susan Lynn McClanahan's (who was a "house keeper") declaration. (Susan McClanahan Declaration ¶ 6-7).

In the summary judgment context, an affidavit (or declaration) must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED.R.CIV.P 56(e)(1). While this is not a summary judgment motion, Plaintiffs still bear the burden of showing that the numerosity requirement of Rule 23 is met by competent evidence, i.e. not speculation. None of the Plaintiffs have explained how

they know that at least 225 employees were terminated by Defendant during the relevant time period. The Court finds it hard to believe, based on the declarations, that any of these employees would be intimately familiar with the work status of over 200 of Defendant's employees. This is especially true of M. McClanahan who was only employed for a couple of months. Moreover, this Court finds it hard to believe that Plaintiffs would be familiar with which employees did or did not receive written notice of their terminations or the reasons thereof. None of these Plaintiffs appear to have worked in the human resources department of Defendant such that they may even have access to such records. As such, this Court finds that, at this stage of the proceedings, Plaintiffs have failed to establish the numerosity requirements of Rule 23. *Olson v. Brown*, 594 F.3d 577, 584 (7th Cir. 2010) (noting that the district court has broad discretion to determine whether to certify a class). In light of this failure, it is unnecessary to reach the other requirements of Rule 23 at this time.

## CONCLUSION

For the reasons set forth above, the Motion for Class Certification is DENIED WITHOUT PREJUDICE. Plaintiffs are granted leave to re-file this motion provided the deficiency noted in this Order is cured.

Entered this 15th day of September, 2010

                                                            s/ Joe B. McDade
                                                             JOE BILLY MCDADE
                                       United States Senior District Judge